NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JONATHAN DOWLING,**

*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**

*Respondent*

---

2025-1703

---

Petition for review of the Merit Systems Protection Board in No. DE-4324-22-0298-I-1.

---

Decided: July 21, 2026

---

JONATHAN DOWLING, Omaha, NE, pro se.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Jonathan Dowling is a non-party witness from a non-selection proceeding before the Merit Systems Protection Board. He challenges a credibility determination reached by an administrative judge and the denial of a motion to intervene in the selection proceeding. Because Mr. Dowling lacks a statutory right to seek judicial review under 5 U.S.C. § 7703(a)(1), we dismiss.

## I. BACKGROUND

Mr. Dowling, a Commander in the U.S. Navy, served as the chair of a hiring panel for a GS-13 civilian attorney position with the U.S. Air Force. The other hiring panelists included Dr. Karen Miller, Command Historian, and Mark Barth, Senior Civilian Advisor.

The selecting official for the position, Colonel Laura Calese, approved eight candidates to interview for the position. James Tucker, who was serving on active duty in the Air Force, interviewed for the position but was not selected. Mr. Tucker was ranked fourth of the candidates that interviewed. The candidate eventually selected was not a service member in the uniformed services.

Mr. Dowling informed Mr. Tucker that Mr. Barth had made comments during the hiring process indicating that he had a preference for hiring civilians in possible violation of the Uniformed Services Employment and Reemployment

Rights Act of 1994 ("USERRA").[1] App'x 55, App'x 60–63.[2] Mr. Tucker appealed his non-selection to the Merit Systems Protection Board ("Board"), alleging that the Air Force's hiring process violated USERRA. *Tucker v. Dep't of Air Force*, No. DE-4324-22-0298-I-1, 2023 WL 4110663, at *1 (MSPB June 21, 2023).

Mr. Dowling testified in support of Mr. Tucker at the oral hearing before the Board. He testified that Mr. Barth had improperly expressed a preference for hiring civilians over members of the military reserves.

Mr. Barth offered competing testimony that his prior experience in active service and as a reservist demonstrates that he does not have a bias against uniformed service members, and that he consistently applies veterans' preference laws when making hiring decisions. Mr. Barth also provided reasons unrelated to uniformed service why he preferred multiple other candidates to Mr. Tucker. Ms. Calese also testified that Mr. Dowling and Mr. Barth

---

[1] USERRA protects veterans from being discriminated against based on military service when, *inter alia*, applying for jobs. *See* 38 U.S.C. § 4311(a). An appellant alleging a USERRA discrimination claim bears the initial burden of demonstrating that "the employee's military service was a substantial or motivating factor" in the adverse employment action. *Adams v. Dep't of Homeland Sec.*, 3 F.4th 1375, 1377 (Fed. Cir. 2021) (internal quotations omitted). If an appellant makes that showing, the employer then "has the opportunity to come forward with evidence to show . . . that the employer would have taken the adverse action anyway, for a valid reason." *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1372 (Fed. Cir. 2016).

[2] "App'x" refers to the appendix filed by Mr. Dowling at ECF No. 28.

"often had negative interactions, for which she had to intervene." App'x 22.

The administrative judge ("AJ") at the Board determined that the "only evidence suggesting that uniformed service was a negative factor was from Dowling about Barth." App'x 24. The AJ then pointed to Mr. Tucker's and Mr. Dowling's admissions that they were "friends outside the office, which may suggest a bias" on Mr. Dowling's part. *Id.* And he credited Ms. Calese's testimony that Mr. Dowling and Mr. Barth had a negative relationship, making it "likely that Dowling was primed to view Barth's actions with an unnecessarily harsh lens." *Id.* The AJ therefore determined that Mr. Barth had credibly testified that he "did not favor civilian candidates." *Id.*

The AJ further determined that, even if Mr. Tucker had proved his uniformed service was a substantial or motivating factor in how Mr. Barth ranked him, Mr. Tucker would not have been selected for the position. The AJ issued an Initial Decision holding that Mr. Tucker had not met his burden to prove a USERRA violation. Mr. Tucker petitioned the Board for review of the Initial Decision, and the full Board adopted the AJ's decision as final.

Following the AJ's Initial Decision, Mr. Dowling moved to intervene. *Tucker v. Dep't of Air Force*, 2023 WL 4110663, at *1. He argued that the AJ's credibility determination regarding his hearing testimony undermined "his ability to obtain relief in complaints he filed against his employing agency" and "negatively impacted" his career. *Id.* The Board found that Mr. Dowling's argument about inability to obtain relief in future proceedings was "mere speculation," and determined that Mr. Dowling had not shown that he would be "affected directly by the outcome of [Mr. Tucker's] proceeding," as required by 5 C.F.R. § 1201.114(i)(3). *Tucker*, 2023 WL 4110663, at *2. The Board referred to Mr. Dowling as "merely a witness

who is disappointed with the outcome of [Mr. Tucker's] appeal," and denied his motion to intervene. *Id.* Mr. Dowling filed a second motion to intervene in Mr. Tucker's petition for review reasserting the same argument, which the Board again denied in its Final Decision.

Mr. Tucker did not petition for review of the Board's Final Decision denying his USERRA claim. Mr. Dowling alone petitioned for review to this court. In response, we ordered the parties to address whether Mr. Dowling has constitutional standing and whether "Congress has afforded him [] a right to judicial review." ECF No. 13 at 2; *see also* ECF No. 22.

## II. DISCUSSION

We consider whether Mr. Dowling, a non-party witness and unsuccessful intervenor to the underlying proceeding, has a statutory right to seek judicial review of the Board's Final Decision. We conclude that he does not, and therefore that we lack jurisdiction over Mr. Dowling's petition for review.[3]

Although this court generally has jurisdiction over final Board decisions, *see* 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A), a petitioner seeking review of a final Board decision must show that Congress has afforded him a right to judicial review. Pursuant to 5 U.S.C. § 7703(a)(1), only a defined group of individuals has the right to seek judicial review of a final Board decision. Section 7703(a)(1) sets forth that "[a]ny *employee* or *applicant for employment* adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." 5 U.S.C. § 7703(a)(1) (emphases added). An "employee" is defined in 5 U.S.C.

---

[3] Because we determine that Mr. Dowling lacks a statutory right to petition for review, we do not reach the issue of constitutional standing.

§ 2105(a) as a person who is, *inter alia*, "appointed in the civil service."

Here, Mr. Dowling concedes he is not an "employee" or "applicant for employment" within the context of 5 U.S.C. § 7703(a)(1). ECF No. 18 at 1 ("Petitioner Dowling is not an employee within the meaning of the Civil Service Reform Act ("CSRA")."), 4. Mr. Tucker, not Mr. Dowling, was the "applicant for employment." Mr. Tucker has not sought judicial review of the Final Decision. Accordingly, we must dismiss Mr. Dowling's petition for review for want of jurisdiction.[4]

CONCLUSION

For the foregoing reasons, we dismiss Mr. Dowling's petition for review before this court.

**DISMISSED**

COSTS

No costs.

---

[4]    Mr. Dowling requested, if we determine we lack jurisdiction under § 7703(a)(1), that we transfer his petition for review to the United States District Court for the District of Nebraska. ECF No. 18 at 5–8. He includes a one paragraph argument that the District of Nebraska has jurisdiction to hear his case under 5 U.S.C. § 704, a different statute from that at issue here, which provides for judicial review of "final agency action for which there is no other adequate remedy in a court." *Id.* at 6; 5 U.S.C. § 704. Mr. Dowling presents no legal support as to why the district court would have jurisdiction under § 704. We find Mr. Dowling's argument to be underdeveloped and therefore abandoned. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006). Thus, we deny Mr. Dowling's motion to transfer.